UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2008 SEP 18 P 2: 07

U.S. DIST. COURT
EAST. DIST. MICHIGAN
DETROIT

STANFORD THOMPSON,

    Petitioner,

v.

CASE NO. 2:08-CV-13942
HONORABLE NANCY G. EDMUNDS

MICHIGAN DEP'T. OF CORRECTIONS,

    Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Standford Thompson, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1986 conviction for armed robbery which was imposed following a jury trial in the Oakland County Circuit Court. Petitioner was sentenced to 40 to 80 years imprisonment. Petitioner has previously filed a habeas petition in federal court challenging the same conviction. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651,

664 (1996). Petitioner previously filed a federal habeas petition challenging the same state court conviction at issue in the instant petition, which was denied on the merits. *See Thompson v. Makel*, No. 93-CV-70039-DT (E.D. Mich. Jan. 31, 2004) (Rosen, J.), *probable cause cert. den.*, No. 94-1242 (6th Cir. Oct. 7, 1994). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 16, 2008

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.